UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY TAYLOR,<br><br>Petitioner,<br><br>v.<br><br>MIRANDA DROLETTE,<br><br>Respondent. | No. 2:25-cv-2985 CSK P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, petitioner failed to sign the petition. Parties proceeding without counsel are required to sign all pleadings, motions, and other papers submitted to the court for filing. Fed. R. Civ. P. 11(a). Thus, the Court is unable to consider the petition unless petitioner re-files a petition bearing his signature.

In addition, petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner is provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

Accordingly, petitioner is ordered to re-file the petition bearing his signature, and to file an application to proceed in forma pauperis or pay the court's filing fee. Failure to comply with this order will result in an order striking the unsigned petition and a recommendation that this

1

action be dismissed.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, petitioner shall re-file a <u>signed</u> petition;[2]

2. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in a recommendation that this action be dismissed; and

3. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district.

Dated: October 17, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/tayl2985.101a+

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[2] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely. See 28 U.S.C. § 2244(d).