UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY TAYLOR, | No.  2:25-cv-2985 CSK P |
| Petitioner, | |
| v. | ORDER |
| MIRANDA DROLETTE, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se.  As discussed below, the pending findings and recommendations are vacated, and petitioner is granted one final extension of time to submit a signed application to proceed in forma pauperis.

I.      Background

On October 17, 2025, petitioner was informed that he failed to sign his petition for writ of habeas corpus, and did not file an application to proceed in forma pauperis or pay the court's filing fee.  (ECF No. 4.)  Petitioner was granted thirty days to file a signed petition and to submit either an application to proceed in forma pauperis or pay the court's filing fee.  (Id.)  On October 27, 2025, petitioner filed a notice that he intended to amend, and on October 28, 2025, petitioner filed a certified trust account statement.  (ECF Nos. 5, 6.)  However, petitioner did not file an application to proceed in forma pauperis.

///

1

On December 2, 2025, petitioner was granted a fourteen day extension of time to file a petition bearing his signature along with an application to proceed in forma pauperis. (ECF No. 9.) Fourteen days passed, and petitioner did not file either document. On December 19, 2025, the Court recommended that this action be dismissed for lack of prosecution. (ECF No. 11.) On December 22, 2025, petitioner filed a petition bearing his signature, dated December 16, 2025. (ECF No. 12 at 15.) Under the mailbox rule, the petition was timely filed. However, petitioner did not file an application to proceed in forma pauperis.

On January 12, 2026, petitioner filed a request for clarification, expressing confusion as to who completes the document addressing funds in petitioner's account. (ECF No. 13.) Petitioner objects that the law librarian should not be responsible for "overseeing an inmate's trust account." (Id. at 2.)

II.   Discussion

Petitioner timely submitted a first amended petition bearing his signature. Because petitioner partially complied with the Court's December 2, 2025 order, the findings and recommendations are vacated.

However, petitioner has not filed with the court his own application to proceed in forma pauperis or paid the court's filing fee. (See ECF No. 4.) The Court acknowledges that petitioner filed a certified trust account statement, which was completed by the prison's trust office, not the law librarian. (ECF No. 6.) That filing is sufficient to address the funds in petitioner's account. The Court does not need any form prepared or signed by the law librarian. Rather, if petitioner intends to seek in forma pauperis status, petitioner must complete, sign, and file his own application to proceed in forma pauperis. The trust account statement, standing alone, is insufficient. In other words, this action cannot proceed unless petitioner files with the Court an application to proceed in forma pauperis bearing petitioner's signature. In the alternative, petitioner may opt to pay the court's $5.00 filing fee.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for clarification (ECF No. 13) is granted.

2. The findings and recommendations (ECF No. 11) are vacated.

2

3.  Within fourteen days from the date of this order, petitioner shall file an application to proceed in forma pauperis or, in the alternative, petitioner may pay the court's $5.00 filing fee.  Petitioner is cautioned that failure to timely comply with this order will result in a recommendation that this action be dismissed.

4.  The Clerk of the Court is directed to send petitioner an application to proceed in forma pauperis by a prisoner.

Dated:  February 23, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/tayl2985.vac+

3